**Motion Granted and Order and Dissent to Order filed November 29, 2022.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00869-CV
_____

## IN RE SCOTT KELLEY, MICHAEL AFSHARI, AND MICHAEL SILVA, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-32592**

### DISSENT TO ORDER

Is this court required to follow the Texas Rules of Appellate Procedure? Or are the procedural rules optional, subject to this court's discretion?

There appears to be no mandamus record filed in this original proceeding. *See* Tex. R. App. P. 52.7(a) ("Relator must file with the petition: (1) a certified or

sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained."). There is a 1,060-page appendix which does not appear to contain documents that are authenticated by being certified or sworn to or the subject of an unsworn declaration. *See* Tex. R. App. P. 52.3(k); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (authorizing unsworn declarations). While a mandamus appendix that contains everything that a mandamus record must contain would be misnomered, it would be otherwise sufficient. The difficulty here is that it appears there is no authenticated record on which this court can determine the merits of this petition.

Persisting in my view that our duty as judges is to reach a decision on the merits based on a proper record and that due process and due course of law require that this court give notice when the original proceeding record does not comply with the Texas Rules of Appellate Procedure, I would give relator notice of involuntary dismissal for failure to comply with Texas Rule of Appellate Procedure 52.7(a). *See In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Presumably relators could swiftly authenticate the mandamus record, including filing "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." *See* Tex. R. App. P. 52.7(a)(2). But the court gives relators no such notice.

I dissent from the court's failure to provide notice and an opportunity to cure. I would not rule on the motion for temporary relief at this time. I express no

opinion on the merits of the petition for writ of mandamus.


/s/     Charles A. Spain
        Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting)